UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-63053-BLOOM/Valle

MITCHELL U. BRAITHWAITE III,

    Plaintiff,

v.

COZY CORNER & NOVELTIES LLC d/b/a,
COZY CORNER & NOVELTIES, and
TMT PROPERTIES, INC.

    Defendants.
_____/

## ORDER GRANTING MOTION FOR ENTRY OF DEFAULT JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff Mitchell U. Braithwaite III's ("Plaintiff") Motion for Final Default Judgment, ECF No. [27] (the "Motion"), on the allegations contained in Plaintiff's Complaint, ECF No. [1] (the "Complaint"). The Court is fully advised after careful review of the Motion, the record, and the applicable law.

If a defendant fails to plead or otherwise defend a complaint filed against it, the Clerk of Court may enter a default against that party. *See* Fed. R. Civ. P. 55(a). Once a default is entered, a plaintiff may seek entry of a default judgment against the defaulting defendant. *See* Fed. R. Civ. P. 55(b). By defaulting, a defendant is taken to admit the well-pleaded allegations of fact in a plaintiff's complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Although facts are admitted as true, conclusions of law are not; a sufficient basis to state a claim must still exist in the pleadings before a court may enter a default judgment. *Nishimatsu*, 515 F.2d at 1206.

A plaintiff alleging Title III ADA discrimination must allege that (1) he is a disabled individual; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against the plaintiff within the meaning of the ADA. 42 U.S.C. § 12182(a).

Plaintiff alleged that he suffers from a qualified disability and requires the use of wheelchair for mobility. ECF No. [1] at ¶ 3. Plaintiff alleged that Defendant Cozy Corner & Novelties LLC ("Defendant") is the lessee and/or operator of Cozy Corner & Novelties located at 4244 Peters Road, Suite-B103, Plantation, Florida 33317, which is a place of public accommodation. *Id.* at ¶¶ 5-6. Plaintiff alleges that Defendant, in violation of 42 U.S.C. §12181 et seq., and 28 CFR 36.302 et. seq., and 42 U.S.C. §12182 et seq., is discriminating against the Plaintiff due to violations related to parking, public walkways and entrance points, walkways, interior spaces, and emergency exits on the property. ECF No. [1] at ¶ 12. Furthermore, Plaintiff intends to revisit the facility in the near-future. *Id.* at ¶ 9. Due to Defendant's failure to rectify the violations, Plaintiff continues to suffer from discrimination and injury. *Id.* at ¶ 18.

Pursuant to these allegations, Plaintiff has clearly stated a claim for relief under the ADA, entitling him to corresponding injunctive relief. *See Nolamas v. Seahorse NB, LLC*, 444 F. App'x 412, 416 (11th Cir. 2011) (citing 42 U.S.C. 12182(a)) ("To state a claim under the ADA a plaintiff must allege (1) she is an individual with a disability; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against the plaintiff within the meaning of the ADA."). Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Motion, **ECF No. [27]**, is **GRANTED**;

2. Pursuant to Fed. R. Civ. P. 58, the Court will separately enter Default Final Judgment.

Case No. 18-cv-63053-BLOOM/Valle

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 23, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Cozy Corner & Novelties LLC d/b/a Cozy Corner & Novelties
Registered Agent: Richard Delapaz
1125 NW 78th Ave
Plantation, FL 33322